IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION


IM BOONE, LLC,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
         v.                                      )         No. 16-4177-CV-C-NKL
                                                 )
RANDOLPH E. ADAMS, et al.,                       )
                                                 )
                    Defendants.                  )

## ORDER

A conference was held on May 16, 2017 (Doc. 41) before Magistrate Judge Whitworth to address the filing of a motion by third-party Gibbs Pool and Turner P.C. ("GPT") to quash a subpoena (Doc. 33). At the conclusion of the conference, Magistrate Judge Whitworth ordered GPT to submit to the Court for *in camera* review the documents specifically identified on the record at the May 16, 2017 conference. A second conference was held before Magistrate Judge Whitworth on August 8, 2017. In the interim, this case was transferred to the undersigned District Judge.

Based on the Court's review of the documents submitted for *in camera* review and consideration of the arguments the parties made both at the two conferences and in their court filings, the Court finds that the subpoena issued to third-party GPT is proper. By asserting an advice of counsel defense to IM Boone, LLC's fraudulent transfer claims, Defendants implicitly waived the attorney-client privilege as to the information/documents provided for *in camera* review.[1]  *See United States v. Workman*, 138 F.3d 1261, 1263-64 (8th Cir. 1998) (holding that

---

[1] The Court notes that the waiver of the attorney-client privilege at issue here was not compromised by the actions of GPT. GPT properly asserted the privilege on behalf of their clients, the Adams.

raising attorney advice as a defense may implicitly waive attorney-client privilege). Defendants cannot assert attorney-client privilege selectively, raising it to prevent introduction of information that may be harmful to their defense while simultaneously relying on aspects of their conversation with their counsel where it serves their interests. While defense counsel Miller advised the Court at the conferences that Defendants have not explicitly asserted advice of counsel as an affirmative defense, Defendants' Response to Plaintiff's First Request for Production of Documents and Reply in Support of their Motion to Dismiss shows otherwise. Defendants state within these documents that they transferred the properties at issue for estate planning purposes and on the advice or recommendation of counsel. Defendants cannot assert that their actions were not fraudulent because they were taken upon the advice of counsel and at the same time contend that IM Boone, LLC is not entitled to discovery as to the counsel's advice. The attorney client privilege cannot be used as both a shield and a sword.

Additionally, the Court notes that it is likely that the crime-fraud exception would apply to the privileged documents that were submitted for *in camera* review. Although the Court has limited information concerning the facts at this early stage of the proceedings, plaintiff's allegations and the facts asserted thus far could support a reasonable inference that Defendants' engagement of GPT crossed the line from legitimate estate planning to conduct in furtherance of a fraudulent scheme.[2] *See Pritchard-Keang Nam Corp. v. Jaworski*, 751 F.2d 277 (8th Cir. 1984) (applying Missouri law to determine application of the crime-fraud exception to the attorney-client privilege). The change in the Adams' estate planning—that is, the transfer of assets from a revocable trust into an irrevocable trust—in close proximity to defaults that led to the subsequent foreclosure on a 1.4 million dollar loan that the Adams personally guaranteed,

---

[2] The Court notes that it has neither information nor belief that GPT was involved in the alleged fraud of which Defendants are here accused.

permits a reasonable inference that the creation of and transfer of assets into the irrevocable trust may have been fraudulent. A finding that the *prima facie* threshold for application of the crime-fraud exception has been met is not a determination on the merits of the claims in the case.

Based on the foregoing, the Court denies the motion to quash the subpoena issued by plaintiff IM Boone, LLC to GPT. The Court orders GPT to provide the documents requested in the subpoena (which were provided to the Court *in camera*) to Plaintiff's counsel.

The Court notes that the ruling on the motion to quash subpoena is only a threshold determination that the documents in question are discoverable. Discoverability of documents is not an indication that the documents would be admissible at trial. The parties may file appropriate motions *in limine* prior to trial.

The Court will allow defense counsel or GPT to move for a protective order, if they deem it necessary, within ten days of this order. If the need for a protective order is anticipated, the information or documents requested in the subpoena need not be provided until after the Court has ruled on the motion for the protective order.

The Court therefore DENIES the motion to quash filed by GPT and ORDERS GPT to provide to Plaintiff's counsel the documents and information requested in the subpoena within five days of this order or, if a motion for a protective order is to be filed, within five days of the Court's entry of an order concerning the motion for a protective order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 3, 2017
Jefferson City, Missouri